```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

HENRY FORD, JR.,                   :
                                   :
     Petitioner,                   :
                                   :
vs.                                :    CIVIL ACTION 12-0052-WS-M
                                   :
G. HETZEL,                         :
                                   :
     Respondent.                   :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent G. Hetzel and against Petitioner Henry Ford, Jr. pursuant to 28 U.S.C. § 2244(d). It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of assault first degree and robbery first degree in the Baldwin County Circuit Court on March 8, 2008 for which he received a sentence of life in the state penitentiary on each count as a habitual offender (Doc. 1; pp. 2-3; *cf.* Doc. 10, pp. 1-2).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 10, Exhibit D).  Ford did not seek rehearing, so he was precluded from seeking *certiorari* in the Alabama Supreme Court (*see* Doc. 10, p. 3).  The certificate of final judgment was entered on April 1, 2009 by the Alabama Court of Criminal Appeals (Doc. 10, Exhibit E).

Petitioner filed a Rule 32 petition on April 12, 2010 (Doc. 10, Exhibit F, pp. 3-14).  On May 24, 2010, the Circuit Court Judge denied the petition, finding that the single claim raised in it had been addressed by the Alabama Court of Criminal Appeals in the direct appeal of Ford's convictions (Doc. 10, Exhibit F, p. 19).  Apparently, Petitioner did not appeal the denial of that petition.

On May 26, 2011, Ford filed a second Rule 32 petition (Doc. 10, Exhibit G, pp. 10-26); the Circuit Court Judge dismissed the petition as both untimely and meritless (Doc. 10, Exhibit G, p. 28).  On August 23, 2011, the Alabama Court of Criminal Appeals dismissed the appeal because Petitioner had not paid the required docketing fee (Doc. 10, Exhibits H, I); the same Court,

on the same day, entered the certificate of judgment (Doc. 10, Exhibit J).

Ford filed a complaint with this Court on January 24, 2012 raising the following claims:  (1) He was denied his right to appeal his Rule 32 petition; and (2) he was convicted of a crime which does not exist under Alabama law (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 10, pp. 6-11).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on April 1, 2009 when

3

the certificate of final judgment was entered by the Alabama Court of Criminal Appeals (Doc. 10, Exhibit E); Ford had one year from that date to file this petition.  The petition, however, was not filed in this Court until January 24, 2012, more than twenty-one months too late.  Petitioner had filed a Rule 32 petition in the State Courts on April 12, 2010, twelve days after his limitations period had expired.  The Eleventh Circuit Court of Appeals has held, however, that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d).

The Court notes that Petitioner has asserted that he is actually innocent of the robbery first degree crime for which he was convicted (Doc. 1, p. 12).[1]  The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error

---

[1] Petitioner asserted this defense in his Complaint.  Though given the opportunity to respond to Respondent's assertion that this action was time-barred (*see* Doc. 11), Ford did not do so.

with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence. There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: Ford's petition is barred by the statute of limitations.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent G Hetzel and against

5

Petitioner Henry Ford, Jr. pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Ford did not file this action in a timely fashion, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Ford should

be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

  A party may object to a recommendation entered by a

    magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 20th day of June, 2012.

                                            <u>s/BERT W. MILLING, JR.</u>
                                            UNITED STATES MAGISTRATE JUDGE